## DEHON *v.* BERNAL.

1. When the United States and the claimant to whom a Mexican grant has been confirmed are both satisfied with its location, any other person who seeks to contest such a location must show some title, legal or equitable, to some part of the land covered by the survey, before the court will disturb it at his instance, or in his alleged interest.

2. When all the elements of location prescribed by a decree of the District Court cannot possibly be complied with, and a survey conforms as much with the decree confirming the grant as it can well be made to do, this court will not disturb it.

APPEAL from a decree of the District Court of the United States for the Northern District of California, confirming a survey of a Mexican grant.

The appeal was not taken by the United States, nor by the claimant whose grant was confirmed, but by one Dehon, who was permitted to intervene in the District Court, on the ground that the survey covered land in which he was in-

terested. He asserted that the survey covered land owned by him under a deed from Bishop Allemany. The Allemany grant had been confirmed, surveyed, and patented, and was found to cover a part of this survey as first made. To the extent of the interference, the District Court modified this survey. But the intervenor was still dissatisfied, and appealed to this court, because, as he said, it covers other land which he claims, and also because it was erroneously located.

While exhibiting a number of deeds, Dehon, however, did not show any interest in the land covered by the modified survey, derived either from the government of Mexico or that of the United States.

The decree confirming the grant described the lot as a lot two hundred varas square, lying *on* the south *side* of an arroyo or stream, sixty. varas from the northwestern corner of the Mission of Dolores; the northeast corner of the lot being one hundred and fifty varas from the northeast corner of the Mission. The arroyo was found, and the Mission is well known. It was *impossible,* however, so to locate the lot as to make the arroyo its northern boundary, and bring its northeast corner within any reasonable approximation to the distance stated from the northeast corner of the Mission. Under these circumstances, the surveyor located it so that the northeast corner of the lot was one hundred and sixty-one varas from the northeast corner of the Mission, and the lot was fifty-five varas from the northwest corner of the Mission. This placed the northern boundary of the lot some distance south of the arroyo.

*Mr. D. B. Eaton for the appellant; Mr. Cope, contra.*

Mr. Justice MILLER delivered the opinion of the court.

1. When the United States and the claimant to whom a Mexican grant has been confirmed are both satisfied with its location, we think that any other person who seeks to contest such a location must show some title, legal or equitable, to some part of the land covered by the survey, before the

court will disturb it at his instance. And though the District Court may, upon slight showing, permit a person to intervene to protect any interest he may have, we are of opinion that, on the hearing, he must show some title, legal or equitable, to the land in dispute, before the court is justified in disturbing the survey in his interest. In the present case, the court did modify the survey, so as to exclude all the land to which the appellant showed such title.

2. The survey conforms as nearly to the decree confirming the grant as it can well be made to do. It is true that the location as made by the surveyor places the northern boundary of the lot some distance south of the arroyo; but, as all the prescribed elements of location cannot be complied with, we do not see how it can be located more in conformity with the decree than it is.

And as the appellant has not shown that he is prejudiced by the survey as it is confirmed by the District Court, its decree is

AFFIRMED WITH COSTS.